IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN HARGRAVES | : | |
| | : | NO. 2:15-cv-00201-GAM |
| Plaintiff | : | |
| | : | |
| | : | |
| CHARLES RAMSEY AND | : | |
| CITY OF PHILADELPHIA | : | |
| Defendants | : | |

## 28 USC 1746 DECLARATION FOR A RULE 56 (E) AFFIDAVIT TO DEFER OR DENY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

"Rule 56(f) provides that if the party opposing a motion for summary judgment cannot yet submit evidence supporting its opposition, 'the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.' Fed. R. Civ. P. 56(f). The Supreme Court has restated this rule as requiring, rather than merely permitting, refusal 'where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.' *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 250 n.5, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). "To oppose a summary judgment under Rule 56(f), a party must file an affidavit explaining: (1) the information sought and how it is to be obtained; (2) how a genuine issue of material fact will be raised by that information; (3) what efforts the affiant has made to obtain the information; and (4) why those efforts were unsuccessful. See, e.g., *S.E.C. v. Spence & Green Chem. Co.,* 612 F.2d 896, 901 (5th Cir. 1980), cert. denied, 449 U.S. 1082, 66 L. Ed. 2d 806 (1981); *First Nat'l Bank v. Cities Service Co*., 391 U.S. 253, 294, 20 L. Ed. 2d 569 (1968).

1. Plaintiff requires more time to conduct discovery to oppose the defendants motion for summary judgment; more time is needed so Plaintff can obtain records and testimony of current

City of Philadelphia police officers now working and assigned to DPR, who are accused of domestic assaults but have not been fired from employment.

2. There is learned of an unwritten now operating by agreement practice between the Police Department and FOP, which exited when Plaintiff was employed as a police officer with the City of Philadelphia, to not terminate police officers arrested for domestic assault and a DUI. Rather under this practice and agreement, the officer is assign to the DPR Unit where the officer remains until the arrest/charge is resolved. Where the charge results in acquittal or successful completion of an ARD disposition, the officer returns to full duty.

3. The records for the people and facts concerning their arrest, and continued employment, can be obtained by subpoena and a Request for Production of Documents and Things to the Police Department.

4. Plaintiff can obtain the testimony of the arrest, continued employment, race and an informal agreement but established practice of the police department by subpoena and deposition of the Police Department Labor Officer, Captain Molkowski and Fraternal Order of Police officers, such as John McGrody and/or John McNesby.

5. The City during discovery neither disclosed nor turned over the aforementioned agreement and/or the records of the police officers currently at DPR who are under charges for an arrest of domestic violence and/or DUI. It is understood that perhaps a dozen" police employees have been assigned to DPR under the aforementioned agreement.

6. Some names for the officer placed in DPR for work, who were or are now under criminal charge for an arrest concerning domestic violence and/or DUI are: Jimmy Kidd (white male from narcotics) and Brian Waters (white male from the Highway Unit).

7. Plaintiff believes the record for and the testimony concerning the aforementioned practice of the City (under the same decision-make Charles Ramsey), and the records concerning the white police officers under arrest for domestic assault that are assigned to DPR and remain employed, and return to full duty upon acquittal or a successfully completed ARD disposition , will create a genuine dispute over the material facts to foreclose summary judgment to the Defendants.

8. Plaintiff further believes upon receipt of the additional discovery that a genuine dispute will exist on whether Plaintiff was terminated because of his race, or as the Defendants' proffer in writing for an arrest on a theft or domestic assault charge.

9. Plaintiff by way of an Interrogatory and Request for the Production of Documents and Things addressed to the Defendant City and Ramsey sought all policies and records o concerning officers race and arrest for domestic violence and theft, who were terminated and not terminated from employment as a police officer.

10.     Plaintiff was unsuccessful to obtain the records and testimony concerning the current police officer employees that were allowed to remain on the job following their arrest for domestic violence, because the Defendants neither disclose as a initial mandatory disclosure the names, nor provide the information in a response to the Plaintiff's aforementioned discovery requests, as required under court rules 26, 33, 34 and this Court's discovery order following Plaintiff's motion to compel.

11.     The Plaintiff did not discovery the information about the current officers at DPR because City did not disclose the officers at DPR, or Captain Molkowski, as person having information relevant to the claims and defenses in this cation as required by Rule 26.

12. The Defendants did not turn over the records for the current officers working at DPR and remained employed as police officers following their arrested for Domestic Assault.

"I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 1, 2016

Respectfully submitted,

/s/ *Brian M Puricelli*   BMP3198

Brian M Puricelli, Esquire
Attorney for the Plaintiff
LAW OFFICE OF BRIAN M PURICELLI
2721 Pickertown Road
Warrington, PA 18976
215 504-8115
puricellib@puricellilaw.com